**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENNETH HINTON, | : CIVIL ACTION NO. 09-594 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. | : |
| HEARTLAND PAYMENT SYSTEMS, INC., | : |
| Defendant. | : |

    **THE PLAINTIFF** — Kenneth Hinton — applying to proceed in forma pauperis under 28 U.S.C. § 1915 ("Application") (dkt. entry no. 1, Application); and the Court, based upon Hinton's assertions in support thereof, intending to (1) grant the Application, and (2) direct the Clerk of the Court to file the Complaint; and

    **IT APPEARING** that the Court may (1) review a complaint, and (2) dismiss it <u>sua sponte</u> if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, <u>see</u> 28 U.S.C. § 1915(e)(2)(B); and Hinton, who is <u>pro se</u>, asserting in a rambling, eighteen-page complaint that (1) the defendant processes credit card transactions, (2) his credit union notified him that his credit information was compromised in a mass data breach of the defendant's electronic records ("Breach"), and (3) he is entitled to recover $250,000 for "loss of wages and business income" and "increased risk of fraud and identity theft" (dkt. entry no. 1, Compl. at 1-5, 11); and it appearing the Court

has jurisdiction under 28 U.S.C. § 1332 because (1) Hinton is a citizen of Virginia, and (2) the defendant is deemed to be a citizen of Delaware and New Jersey (id. at 5); and

**THE COURT** construing this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept[ing] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff", Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); but it appearing that the Court need not credit bald assertions or legal conclusions, id.; and

**HINTON** failing to assert that a third party has actually used his credit information to either open a credit card account or otherwise secure a fraudulent benefit at his expense; and Hinton merely speculating as to a loss of wages or business income, as he is proceeding in forma pauperis and lists himself as unemployed and homeless (see Application at 1-2); and Hinton failing to assert that he has suffered an actual injury due to the Breach; and it appearing that a plaintiff in federal court must demonstrate "(1) a concrete and particularized, actual or imminent, injury in fact; (2) a causal link between the injury and the challenged conduct; and (3) that a favorable ruling would redress the injury", Hill v. Nassberg, 166 Fed.Appx. 608, 609 (3d Cir. 2006); and Hinton failing to assert that he has suffered an actual or imminent injury in fact, see Randolph v. ING Life Ins.

& Annuity Co., 486 F.Supp.2d 1, 8 (D.D.C. 2007) (stating claims similar to those here "amount to mere speculation that at some unspecified point in the indefinite future [plaintiffs] will be the victims of identity theft"); Giordano v. Wachovia Secs., No. 06-476, 2006 WL 2177036, at *4 (D.N.J. July 31, 2006) (stating similar claims "at best, are speculative and hypothetical future injuries"); and it appearing that Hinton's allegations of injuries amount to nothing more than mere speculation;[1] and

**THE COURT** intending to dismiss the Complaint as frivolous and for failure to state a claim; and for good cause appearing, the Court will issue an appropriate Order and Judgment.[2]

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:  March 16, 2009

---

[1] For instance, in support of a claim under the New Jersey Consumer Fraud Act, Hinton does not cite a specific provision thereunder giving rise to a cause of action.  He merely asserts that he is a "consumer", and that the statute "is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes".  (Compl. at 12.)

[2] Hinton is no stranger to federal civil litigation.  See, e.g., Hinton v. Trans Union LLC, E.D. Va. No. 09-170 (filed 2-12-09); Hinton v. Peanut Corp. of Am., W.D. Va. No. 09-10 (filed 2-10-09); Hinton v. Corrections Corp. of Am., D.D.C. No. 08-1266 (filed 7-23-08); Hinton v. Rudasill, D.D.C. No. 08-1073 (filed 6-23-08); Hinton v. Bangs, E.D. Va. No. 08-628 (filed 6-17-08); Hinton v. Hearns, E.D. Va. No. 08-608 (filed 6-11-08); Hinton v. Rudasill, D. Md. No. 08-1460 (filed 6-4-08).